IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| NEVADA STAR RESOURCE CORP. (U.S.) and PURE NICKEL, INC., <br><br> Plaintiffs, <br><br> vs. <br><br> ROBERT ANGRISANO, MONTY D. MOORE, SCOTT NICHOLSON, and MONTY L. MOORE, <br><br> Defendants. | ORDER AND <br> MEMORANDUM DECISION <br><br><br> Case No. 2:12-cv-392 |

Plaintiffs Nevada Star Resource Corp. (U.S.) (NSRC) and Pure Nickel, Inc. (Pure Nickel) move the court (Dkt. No. 31) to reconsider an Order issued on October 4, 2012 (Dkt. No. 28), in which the court held that Defendants Scott Nicholson and Monty L. Moore were not subject to personal jurisdiction in Utah under the facts presented in this case. This Order was issued by the Honorable David Sam, but the matter was later transferred to the undersigned.

A motion for reconsideration may be granted based on (1) an intervening change in the controlling law; (2) new evidence previously unavailable; or (3) the need to correct clear error or prevent manifest injustice. *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). The court should only grant such a motion "in exceptional circumstances." *Bud Brooks Trucking, Inc. v. Bill Hodges Trucking Co.*, 909 F.2d 1437, 1440 (10th Cir. 1990). For the reasons discussed below, the court finds that there are no exceptional circumstances in this case

that would warrant a reconsideration of the court's previous decision.

The Plaintiffs argue that the court should reconsider its Order for two reasons. First, the Plaintiffs assert that the Court failed to consider two cases that the Plaintiffs discussed in their opposition brief to the Defendants' original Motion to Dismiss. These two cases—one decided by the Texas State Court and one decided by the Wyoming State Court—address the question whether a state court may properly exercise personal jurisdiction over persons who claim a royalty interest in natural resource operations within the state's boundaries. Without deciding whether these cases are apposite to the matter now before the court, the court sees no reason why Judge Sam was required to discuss these cases in his Order. Neither decision is controlling precedent for a federal court in the District of Utah, and there is no requirement that a judge must discuss every case that may have some persuasive value simply because the case was cited by one of the parties.

The Plaintiffs also contend that Judge Sam did not adequately address the Plaintiffs' conspiracy allegations. But Judge Sam held: "After reviewing the Amended Complaint and documentation submitted, the Court concludes that Plaintiffs' allegations of conspiracy are conclusory and generally devoid of facts that would support a claim of conspiracy." Order, at 13 (Dkt. No. 28). The Plaintiffs may disagree with Judge Sam's decision, but their disagreement is not a sufficient basis to demonstrate good cause that the court should reconsider its Order.

The Plaintiffs do not cite any part of Judge Sam's Order that they claim is an inaccurate statement of the law or of the facts. Instead, Plaintiffs merely assert that Judge Sam was not comprehensive enough in his 18-page opinion. Granting the Plaintiffs' request in such an instance would impose a difficult burden on federal judges that is not supported by either the

Federal Rules or by precedent.  *See, e.g.*, *Lyons v. N.M. Dep't of Corr.*, 12 Fed. App'x 772, 773-74 (10th Cir. 2001) (upholding a denial of a motion to reconsider even though the district court had overlooked two of three claims in its original dismissal order).

Because the Plaintiffs have failed to demonstrate good cause, the court DENIES their Motion for Reconsideration (Dkt. No. 31).

SO ORDERED this 28th day of January, 2013.

                               BY THE COURT:

                               _____
                               ROBERT J. SHELBY
                               United States District Judge