UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

NEVADA STAR RESOURCE CORP. (U.S.), *et al.*,

    Plaintiffs,

v.

ROBERT ANGRISANO, *et al.*,

    Defendants.

Case No. C13-618RSL

ORDER GRANTING MOTION FOR RELIEF UNDER FED. R. CIV. P. 56(d) AND STRIKING MOTION FOR SUMMARY JUDGMENT

This matter comes before the Court on "Plaintiffs' Motion Under Fed. R. Civ. P. 56(d) to Continue or Deny Defendants' Motion for Partial Summary Judgment" (Dkt. # 70). Plaintiffs ask the Court to deny or defer ruling on Defendants' motion for partial summary judgment, which was filed before the parties had an opportunity to engage in discovery. Having reviewed the memoranda, declarations, and exhibits submitted by the parties, Court finds as follows:[1]

This case arises out of Defendants Robert Angrisano's and Monty D. Moore's alleged breach of the fiduciary duties owed to Plaintiffs as officers and directors.

---

[1] This matter can be decided on the papers submitted. Plaintiffs' request for oral argument is, therefore, DENIED.

Defendants ask the Court to strike the over-length portion of Plaintiffs' motion. Dkt. # 78 at 9. While Defendants are correct that Plaintiffs' motion exceeds the page limitation set forth in Local Civil Rule 7(e)(4) by one page, the Court does not rely on the arguments presented in the over-length portion of the motion and therefore, DENIES Defendants' motion to strike.

ORDER GRANTING MOTION FOR RELIEF
UNDER FED. R. CIV. P 56(d) - 1

1  Plaintiffs allege that Angrisano and Moore breached their fiduciary duties by, among
2  other things, usurping a corporate opportunity, interfering with Plaintiffs' business
3  relationships, and making material misrepresentations in business transactions for
4  personal gain.  Dkt. # 57 ¶¶ 68-88.  Plaintiffs also assert claims of aiding and abetting
5  breach of fiduciary duty, civil conspiracy, equitable estoppel, and intentional
6  interference with contractual relations.  Id.  ¶¶ 89-121.  Plaintiffs seek declaratory and
7  injunctive relief and damages.  Id. at 25.  In their motion for partial summary judgment,
8  Defendants argue that Plaintiffs' claims fail as a matter of law because they are time-
   barred and/or Plaintiffs lack evidence to establish the requisite elements of their claims.
9
         Plaintiffs seek relief under Rule 56(d) of the Federal Rules of Civil Procedure
10 ("Rule 56(d)"), which gives the Court discretion to defer ruling on a motion for
11 summary judgment, to deny it, or to issue any other appropriate order "[i]f a nonmovant
12 shows by affidavit or declaration that, for specified reasons, it cannot present facts
13 essential to justify its opposition."  Fed. R. Civ. P. 56(d).  "The requesting party must
14 show: (1) it has set forth in affidavit form the specific facts it hopes to elicit from further
15 discovery; (2) the facts sought exist; and (3) the sought-after facts are essential to
16 oppose summary judgment."  Family Home & Fin. Ctr., Inc. v. Fed. Home Loan Mortg.
17 Corp., 525 F.3d 822, 827 (9th Cir. 2008).  A district court may deny a motion under
18 Rule 56(d) if the party requesting a continuance has not been diligent in pursuing
19 discovery in the past or fails to show how the information sought would preclude
20 summary judgment.  Cal. Union Ins. Co. v. Am. Diversified Sav. Bank, 914 F.2d 1271,
21 1278 (9th Cir. 1990).  "Where . . . a summary judgment motion is filed so early in the
22 litigation, before a party has had any realistic opportunity to pursue discovery relating to
23 its theory of the case," Ninth Circuit law instructs that courts should grant a Rule 56(d)
24 motion "fairly freely."  Burlington N. Santa Fe R.R. Co. v. Assiniboine & Sioux Tribes
   of Ft. Peck Reservation, 323 F.3d 767, 773 (9th Cir. 2001).
25
26 ORDER GRANTING MOTION FOR RELIEF
   UNDER FED. R. CIV. P 56(d) - 2

Plaintiffs have demonstrated the requisite need to conduct discovery regarding specific facts in order to oppose Defendants' motion for partial summary judgment. At the time Defendants filed their motion, the parties had not yet engaged in a Rule 26(f) conference, dkt. # 60; dkt. # 77 at 1, and therefore, Plaintiffs were prohibited by the Rules from conducting discovery, Fed. R. Civ. P. 26(d)(1). Plaintiffs have set forth in an affidavit the specific facts they hope to elicit through discovery and the particular means through which they plan to uncover those facts. Dkt. # 71. For example, Plaintiffs seek discovery related to Defendants' precise positions and roles in the three companies at issue, which Defendants purchased an assignment of net profit interests from mining property which allegedly resulted in harm to Plaintiffs, whether Plaintiffs were aware of the opportunity to purchase this assignment, but turned it down, Defendants' subsequent modified interest in this assignment, the nature and timing of Plaintiffs' damages, and the extent of Defendants' alleged interference with Plaintiffs' business opportunities and contractual relationships. Id. at ¶ 9. The Court finds that these facts may preclude summary judgment and therefore, Plaintiffs should have an opportunity to conduct the discovery before opposing Defendants' motion.

For all of the foregoing reasons, Plaintiffs' motion to continue or deny Defendants' motion for partial summary judgment (Dkt. # 70) is GRANTED. Defendants' pending motion for partial summary judgment (Dkt. # 60) is STRICKEN. Defendants may re-file their motion for summary judgment pursuant to the deadline set forth in the Court's case management order.

DATED this 5th day of February, 2014.

_/s/ Robert S. Lasnik_
Robert S. Lasnik
United States District Judge

ORDER GRANTING MOTION FOR RELIEF
UNDER FED. R. CIV. P 56(d) - 3